B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

Eastern _____ District Of Virginia _____

**In re**   KDZ Realty LLC

Case No. 25-32924 _____

**Debtor**

Chapter 11 _____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 7,500.00** _____

   Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . $ 7,500.00** _____

   Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00 _____
   $1,738.00 of the filing fee has been paid.

2. The source of the compensation paid to me was:

   ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☒ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

B2030 (Form 2030) (12/15)

    d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

    e.   [Other provisions as needed]  See Engagement Agreement attached as Exhibit A

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

    See Engagement Agreement attached as Exhibit A

    \*\* Prior to the filing of this statement, Conway Law Group PC received $7,500.00 (the "Retainer") $1,738.00 of the Retainer was used to pay the filing fee. Prior to the filing, $3,500.00 was applied from the Retainer for pre-petition fees and expenses, which leaves $2,262.00 unapplied. Post-Petition Services will be billed as set forth in the Engagement Agreement on an hourly basis and subject to Bankruptcy Court Approval.

---

**CERTIFICATION**

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

9/2/2025
_____
*Date*

/s/ Martin C. Conway
_____
*Signature of Attorney*

Conway Law Group PC
_____
*Name of law firm*



**ALL OFFICES ARE BY APPOINTMENT ONLY**
MAILING ADDRESS: 1320 CENTRAL PARK BLVD, SUITE 200, FREDERICKSBURG, VA 22401

PHONE: 855-848-3011 (TOLL FREE) • FAX: 571-285-3334
WWW.CONWAYLEGAL.COM • MAIL@CONWAYLEGAL.COM

## Chapter 11 Matter Engagement Agreement

By signing this agreement, You are hiring Conway Law Group, PC (the "Firm") to represent KDZ Realty LLC _____(the "Client" or "You") in a chapter 11 bankruptcy. This agreement describes the legal services we will provide to You, and the financial and other terms of this relationship. Please read this agreement carefully and let us know if You have any questions about it before signing. Once You sign this agreement, it will be binding on You and the Firm and can only be changed or replaced with another signed, written agreement between us.

### A.    Services to be Provided

The professional services the Firm will render will include the representation of the Client as a debtor in a proceeding pursuant to Title 11, United States Code, including, without limitation, the formulation of a plan of reorganization. The Firm will prepare all documents and pleadings that, in their judgment, effectuate the performance of these services.

### B.    Excluded Services

The Firm will not provide the Client with tax advice. The Client will retain others for those purposes.

### C.    Lien Search Requirement

As a prerequisite, the Firm deems it essential that lien searches be performed on the Client's assets for two purposes: (i) to determine which creditors recorded instruments among the public records that assert liens against the Client's interest in the property, and (ii) to determine whether any asserted liens may be unenforceable if or when a bankruptcy proceeding commences. The Firm will employ independent services to conduct these lien searches. The Client will be responsible for the cost of these lien searches.

### D.    Determination of Fees for Service

1. In accordance with the Virginia Rules of Professional Conduct governing attorneys, attorney fees may be based upon several factors including the amount of time required, the complexity of the matter, the time frame within which work must be performed, the attorney's experience, ability

1

Zoho Sign Document ID: 343ECF5F-G9LVCQBTYL_JH_QWWX040XZDHHE8MDN4OR3D3XFVIJC

and reputation, the responsibility involved, and the results attained. The Firm will perform all services at the Firm's hourly rates, which are $550/hour for attorney time and $200/hour for paralegal time.

2. Upon request, the Firm will provide estimates of the cost for specific portions of their services, but the Firm is not in a position to agree to a fixed fee because of the broad range of work that may be required, the uncertainty of the time it will take, and the complexity of the Client's needs.

3. The Client agrees to pay all invoices submitted by the Firm on a timely basis within 10 days following the allowance of such invoices by the Bankruptcy Court.

4. The Client shall deposit the minimum amount of 7500_____ into the Firm escrow account in order to provide payments under this agreement. These funds are to serve as an initial deposit.

5. Before the Firm will file a Chapter 11, Subchapter V bankruptcy case on behalf of the Client, the Firm will render an invoice for services rendered and expenses incurred prior to such a filing. Those fees and costs must be paid prior to the bankruptcy filing.

6. All compensation to the Firm earned post-petition in any Chapter 11, Subchapter V bankruptcy case is subject to approval by the Bankruptcy Court in which the case is pending.

**E.** **Firm Personnel**

The Firm's attorneys have varying areas of expertise, amounts of experience, and billing rates. The Firm will attempt in each instance to provide services in the most efficient manner. The Firm reserves the right to assign the particular attorneys and paralegals who will be working on the Client's behalf. Typically, more junior personnel will provide whatever services they can appropriately perform, such as research and drafting. More senior personnel will need to discuss with them specific assignments and the results of research and drafting, and attorneys within the firm may need to confer on certain aspects of the representation to provide levels of expertise appropriate to the Client's legal needs. The Firm will discuss the assignment of personnel with the Client at the Client's request.

**F.** **Disbursements and Expenses**

The Firm may incur various expenses in providing services. The Client agrees to pay all such expenses and to reimburse the Firm for all out-of-pocket expenses that the Firm pays on the Client's behalf. Whenever possible, the Firm will forward bills for any expenses incurred on the Client's behalf directly to the Client, and the Client agrees to make prompt, direct payment to the originator of these bills. Expenses that may be incurred include, but are not necessarily limited to, charges for serving and filing papers, courier and messenger services, recording and certifying documents, deposition transcripts, investigations, expert witness fees, long-distance telephone calls, facsimile charges, copying charges, travel expense including mileage outside of the Firm's area, and significant excess postage charges.

**G.** **Statements**

In a chapter 11, Subchapter V bankruptcy case, all services and reimbursable disbursements are subject to the approval of the Bankruptcy Court. The Firm will make application to the Court for approval of such services and disbursements. The Client agrees to make prompt payment upon Court approval of all amounts approved.

**H.** **Client Cooperation**

The Client will cooperate with the Firm fully and provide all the information the Firm needs to represent the Client. The Client will contact the Firm promptly concerning new or changed

2

Zoho Sign Document ID: 343ECF5F-G9LVCQBTYL_JH_QWWX040XZDHHE8MDN4OR3D3XFVIJC

information that pertains to the subject of this representation.

**I.**     **Scope of Representation**

The Firm is not responsible for legal matters for which the Firm's services or advice have not been specifically requested and confirmed by the Firm in writing.

**J.**     **The Client's Right to Terminate Representation**

The Client reserves the right to terminate this representation with or without cause. The Client needs to notify the Firm in writing if the Client wants to terminate the Firm's representation. When the Firm receives the Client's written notice of termination, the Firm will stop all legal work on the Client's behalf immediately. The Client will promptly reimburse the Firm for all fees, charges and expenses incurred pursuant to this agreement before the date of the written notice of termination.

**K.**     **Waiver of Warranties**

The Firm's entitlement to the fees and reimbursements for disbursements described above is not contingent upon the final outcome of any particular matter that the Client has requested the Firm to undertake. The Firm cannot and does not warrant or predict final developments or results of any matter.

**L.**     **The Firm's Right to Terminate Representation**

The Firm reserves the right to terminate the Firm's representation (to the extent permitted by applicable ethical and court rules) at any time if the Client breaches any material term of this agreement or fails to cooperate or follow the Firm's advice on a material matter, if conflict of interests develop or are discovered, or if there exists at any time any fact or circumstance that would, in the Firm's opinion, render the Firm's continuing representation unlawful, unethical, infeasible or otherwise inappropriate. If the Firm elects to terminate their representation, the Client will take all steps reasonably necessary and will cooperate as reasonably required to free the Firm of any further obligation to perform legal services, including the execution of any documents necessary to complete the Firm's withdrawal from representation. In such case, the Client agrees to pay for all legal services performed and expenses incurred before the termination of the Firm's representation in accordance with the provisions of this agreement.

**M.**     **Fees and Expenses Incurred to Collect Amounts Owing**

The Client hereby agrees that the Firm shall be entitled to recover its reasonable attorney fees and out-of-pocket expenses incurred by the Firm to collect any amounts that remain owing to the Firm at the termination of this Agreement, including the fees and expenses of outside counsel if the Firm deems it appropriate to engage outside counsel to collect the same.

**N.**     **Entire Agreement**

This agreement constitutes the entire agreement between the parties to it and may not be modified except in writing signed by the parties or their authorized representatives.

**O.**     **Binding Effect**

This agreement shall be binding upon and shall inure to the benefit of the parties and their respective successors and permitted assigns.

**P.**     **Assignment**

This agreement may not be assigned by either party except with the written consent of the other party, except to the extent that the Firm's employment of other attorneys and third parties is expressly

contemplated in this agreement.

**Q.** **Controlling Law**

This agreement shall be construed and enforced in accordance with the laws of the Commonwealth of Virginia in effect at the time of such construction or enforcement, except Virginia's choice of law statutes and doctrines.

**R.** **A Final Note**

Much of the work that the parties will do over the coming period prior to the filing of any bankruptcy is a period of discovery and investigation to determine whether the filing of the bankruptcy case does, in fact, make sense for the Client and is a realistic path to relief. Both parties must agree to and be "on board" with the path forward. Accordingly, prior to the filing of any bankruptcy proceeding, the Client and the Firm shall confer and must agree on a realistic, feasible path for the Client to reorganize under bankruptcy; that such bankruptcy is appropriate; and also upon a means for satisfaction of the attorney's fees expected to be incurred during the term of the case.

If the foregoing terms are acceptable, please sign and return one copy of this agreement.

"We are a debt relief agency. We help people file for Bankruptcy relief under the Bankruptcy Code."

Client:

By: _Curvey Reid_____          Jul 18 2025 18:35 EDT
    Curvey Reid

Title: Owner_____

Attorney:_Martin Conway_____          Jul 09 2025
         Martin Conway

4